Abraham CAMPOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–95–00616–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 27, 1997.

John A. Pizzitola, Houston, for appellants.

David Bosserman, Angleton, for appellee.

Before YATES, HUDSON and FOWLER, JJ.

## OPINION ON MOTION FOR REHEARING

FOWLER, Justice.

Our previous opinion is withdrawn in its entirety and this one is substituted in its place. Appellant, Abraham Campos, entered a plea of not guilty to the offense of murder with one enhancement paragraph. TEX. PENAL CODE ANN. § 19.02 (Vernon Supp.1994).[1] A jury convicted him and the trial judge found the enhancement true and assessed punishment at forty years confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant complains in two points of error that the prosecutor engaged in improper jury argument and the evidence is factually insufficient to support his conviction. We affirm because appellant failed to preserve error by not asking for an instruction to disregard and obtaining a ruling on the request and because the evidence is sufficient to support the conviction.

## POINTS OF ERROR

Appellant asserts in his first point of error that the trial judge erred in failing to grant his motion for mistrial because the State engaged in improper jury argument. Specifically, appellant contends that twice in her closing argument the prosecutor injected unsworn testimony of her personal knowledge and opinion as to appellant's guilt. In the first instance complained of, the prosecutor argued in pertinent part:

> [State]: Yes, we have a duty to see that justice is done. Sometimes that involves the unpleasant task of seeking a conviction like in this case; *and if we thought for one minute that Abraham Campos was not the*

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the penal code revision. *See* Acts 1993, 73rd Leg., ch. 900, § 1.18(b). There- fore, all references to the penal code are to the code in effect at the time the crime was committed.

*man that committed this murder, we have a duty to cut a dismissal with the Court. We don't think that. We know he committed this murder or we wouldn't be here.*

[Defense Atty]: Your Honor, I object to her giving an opinion, then making a statement she knows. I object to that argument.

[Court]: Okay. Ladies and gentlemen, you know what—you heard the evidence in the case. Let's continue along the lines of the evidence.

In the second complained of instance, the prosecutor argued as follows:

[State]: Ladies and gentlemen, Abraham Campos, unfortunately, murdered Martin Rodriguez. I can't change that fact. *I'm submitting it to your hands because I know it's the truth.* That's what happened on August the 21st, 1992.

[Defense Atty]: Your Honor, I'm going to object to the argument that she knows the truth. That is improper. That's a comment on the weight of the evidence. I'm going to object to it and ask the Court to instruct the jury to disregard it.

[Court]: As to the prosecutors' knowledge, I'll sustain that objection.

[Defense Atty]: And I move for a mistrial, Your Honor.

[Court]: I'll overrule that.

■ There are four areas of permissible jury argument (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Brown v. State,* 692 S.W.2d 497, 502 (Tex.Crim.App.1985); *Cannon v. State,* 668 S.W.2d 401, 404 (Tex.Crim.App.1984); *Denison v. State,* 651 S.W.2d 754, 761 (Tex.Crim. App.1983).

■ The State argues that the comments made by the prosecutor were proper because they were in response to statements made by the defense counsel and, therefore, were properly invited arguments. *See Doty v. State,* 820 S.W.2d 918 (Tex.App.—Fort Worth 1991, pet. ref'd); *see also Soto v. State,* 864 S.W.2d 687, 693 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). The State relies on the following remark by defense counsel at the conclusion of his jury argument:

Do you have a reasonable doubt after applying his testimony to what Dr. Bellas told you: Do you have a reasonable doubt to see three men come up here two and a half years later?

That speaks to this: *The prosecution is basically completely dissatisfied with their case, and they know they've got an uphill burden.* And that's why [defendant exhibits] 7 and 8 were comfortably covered in an envelope on this desk until I asked about them and brought them to you.

Do you have a reasonable doubt? If you do, I beg you, I plead with you to resolve that doubt in favor of Mr. Campos and let this horrible experience for everyone pass and let justice be done understanding again the burden of the prosecution and their duties and responsibility that they will seek justice. It's not their duty to convict.

We agree with the State that these remarks invited a response, *Pyles v. State,* 755 S.W.2d 98, 116–117 (Tex.Crim.App.1988), and that is what the prosecutor did when she said, "... if we thought for one minute that Abraham Campos was not the man that committed this murder, we have a duty to cut a dismissal with the Court. We don't think that."

Unfortunately, however, the prosecutor did not stop with this remark. She went on to say, *"We know he committed this murder or we wouldn't be here."* And then, not being able to let the issue drop, the prosecutor felt compelled at the end of her argument, to revisit the issue.

... ladies and gentlemen, Abraham Campos, unfortunately, murdered Martin Rodriguez. I can't change that fact. *I'm submitting it to your hands because I know it's the truth.* That's what happened on August the 21st, 1992.

■ Generally, a defendant waives any impropriety in prosecutorial argument by not making a proper objection contemporaneously with the argument. *Briddle v. State,* 742 S.W.2d 379, 389 (Tex.Crim.App.1987), *cert. denied,* 488 U.S. 986, 109 S.Ct. 543, 102

L.Ed.2d 573 (1988). An exception has existed to this general rule when the prosecutor's argument is so prejudicial that an instruction to disregard would not cure the harm. *Id., Montoya v. State,* 744 S.W.2d 15, 37–38 (Tex. Crim.App.1987). One of the cases recognizing this exception is *Montoya v. State,* which involved a sequence of events identical to ours: (1) counsel objected to the offensive argument and the trial court sustained the objection, (2) counsel requested an instruction to disregard but did not press for a ruling, and (3) the trial court overruled counsel's request for a mistrial.

Based on the exception referred to in *Montoya,* in our original opinion we addressed appellant's point of error alleging improper argument because we found the arguments so prejudicial that an instruction to disregard could not have cured them. But, in a recent opinion, *Cockrell v. State,* the Court of Criminal Appeals rejected the exception and specifically rejected the *Montoya* statements acknowledging and following the exception. *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App.1996).

> We hold a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal. Any prior cases to the contrary such as *Montoya* and *Romo* are expressly overruled.

*Id.* at 89.

*Cockrell* reached this conclusion based on the judges' belief that these holdings had been undermined by rule 52(a) of the Texas Rules of Appellate Procedure and *Marin v. State,* 851 S.W.2d 275 (Tex.Crim.App.1993). *Marin* discussed the three types of "rights" in our legal system: (1) absolute requirements and prohibitions that are not waivable (*e.g.,* that the case be tried by a court with jurisdiction) *Garcia v. Dial,* 596 S.W.2d 524, 527 (Tex.Crim.App.1980); (2) rights of litigants that must be implemented unless expressly waived (*e.g.,* the right to a jury trial); and (3) rights that are implemented on request only (*e.g.,* objections to testimony or evidence). The right of the defendant not to be subjected to improper jury argument falls under the third category of rights. *Cockrell,*

933 S.W.2d at 89. According to *Cockrell* then, the defendant waives his chance to implement the third type of right if he does not pursue his objection until he receives an adverse ruling. As we read *Cockrell,* this means that a litigant must first object to the offensive statements, then request an instruction to disregard and finally move for a mistrial. The obligation to obtain a ruling on all three is relieved only if the lawyer obtains an adverse ruling to the first or second requests. *See Cockrell,* 933 S.W.2d at 89.

Judge Maloney, who concurred in the *Cockrell* result, opined that the court had left open the possibility for applying the exception to the situation we have in the case before us, that is, when counsel obtains a ruling on every request except for the request for an instruction to disregard.[2] Judge Maloney then argued that the exception should be maintained in this one specific situation.

> Rule 52(a) requires a timely objection stating the grounds therefore and asking for the desired ruling. When an objection is made, followed by a motion for mistrial in the case of argument that is so inflammatory that an instruction to disregard would be of no value, Rule 52(a) has been satisfied.

*Cockrell,* 933 S.W.2d at 97.

We agree with Judge Maloney that the exception should be maintained. But, we disagree that the *Cockrell* court left that question open. To begin with, the court overruled *Montoya,* which involved the very situation Judge Maloney said the exception should continue to apply to. In addition, the court could not have more clearly said that a defendant must obtain an adverse ruling on an objection before he can complain about it on appeal. *Cockrell,* 933 S.W.2d at 89.

> Before a defendant will be permitted to complain on appeal about an erroneous jury argument or that an instruction to disregard could not have cured an erroneous jury argument, he will have to show he objected and pursued his objection to an adverse ruling.

---

2. *See* Maloney, J., concurring, 933 S.W.2d at 96–97.

In short, then, although the prosecutor's arguments were improper, appellant preserved no error because he did not obtain a ruling on his request for an instruction to disregard. For this reason, we overrule appellant's first point of error.

■ In his second point of error, appellant contends that the State presented factually insufficient evidence to support his conviction. In conducting a factual sufficiency review, the court of appeals views all the evidence without the prism of "in the light most favorable to the verdict" and sets aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996). In conducting a factual sufficiency review, an appellate court reviews the fact finder's determination. *Id.* at 135. This review, however, must be appropriately deferential so the appellate court does not substitute its judgment for that of the jury. *Id.*

After reviewing the entire record, the evidence shows that Emilio Miranda testified that he lived with appellant and the complainant, Martin Rodriguez, at appellant's mother's house. Miranda stated that on August 20, 1992, the date of the offense, he drank some beers with appellant and Martin outside their residence. Later, they left to go purchase some more beer and visit some friends. He stated when they returned home he heard Martin scream and when he looked out the window, he saw appellant stabbing him. He stated appellant had a knife and when he got outside, appellant took off running.

The physical evidence found at the scene corroborates Emilio Miranda's testimony. Officer Frame testified that he found beer cans in the back yard of appellant's residence and that one of the cans contained appellant's fingerprint. He also found a beer can and or knife in the kitchen sink. Three other witnesses, Rene Trevino, Cipiano Rodriguez and Arrellio Rodriguez, who were put on the stand to impeach the testimony of appellant's mother, all testified that they heard appellant's mother state, "my son killed him." Finally, when appellant was arrested shortly after the stabbing for public intoxication within a mile of the murder scene, he gave false information to the police regarding his name and claimed that he lived in Mexico.

The only evidence adduced before the jury which contradicted Miranda's eyewitness account of the offense were his two prior inconsistent statements. In the first statement, Miranda told police that someone else committed the murder. He testified at trial that he made that statement because he wanted to personally avenge the death of Martin, his nephew. In his second inconsistent statement, he testified before the grand jury that he did not remember anything. At trial, he testified that he did not tell the grand jury the truth because appellant's father had threatened him. Appellant's mother also testified. She said she was in her house or her neighbor's house and did not remember anything.

The jury is the exclusive judge of the credibility of witnesses and the weight to be given their testimony. *Colella v. State*, 915 S.W.2d 834, 845 (Tex.Crim.App.1995). The jury apparently reconciled the conflicting testimony in favor of the State. Although we are authorized, under *Clewis*, to disagree with the fact finder's determination, we will defer to the jury's apparent determination that appellant was guilty. Viewing the record as a whole, we find that the evidence is not so contrary to the *overwhelming weight* of the evidence as to be clearly wrong or unjust. Accordingly, we overrule appellant's second point of error.

In sum, we grant the State's motion for rehearing and, after having reviewed both of appellant's points of error, we affirm the judgment of the trial court.