Affirmed and Opinion filed September 5, 2002









Affirmed
and Opinion filed September 5, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-01120-CR

____________

 

MICHAEL JOSEPH JOHNSON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 182nd District Court 

Harris  County, Texas

Trial
Court Cause No. 865,188

 



 

O
P I N I O N

A
jury convicted appellant, Michael Joseph Johnson, of aggravated robbery and
assessed punishment at fifty years= confinement.  In four
points of error, appellant claims (1) the trial court improperly commented on
appellant=s right to appeal; (2) the State asked improper hypothetical
questions during voir dire; and, during closing
arguments, the State (3) improperly argued the community demands and (4)
impermissibly argued the range of punishment during guilt-innocence.  We affirm.   









On
December 21, 2000, appellant knocked on Norma Robles=s
door and asked to use the telephone. 
Robles testified that she allowed appellant to come in and use the phone
and  gave him a glass of water.  While appellant was in the apartment, he
reached for Robles=s purse and demanded that she give him her car keys.  A struggle ensued.  Appellant then grabbed a kitchen knife and
held it to Robles=s throat.  He took a
twenty-dollar bill from her purse, threw the purse on the ground, and
fled.  A broken fingernail later found in
complainant=s purse was submitted to the police crime lab for a DNA
analysis.  Joseph Chu
of the Houston Police Department Crime Lab performed the test and testified
that the probability that the fingernail was not appellant=s
was one in 16 quadrillion.  The State
also presented fingerprint evidence linking appellant to the crime scene.            

In
his first point of error, appellant claims that, during voir
dire, the trial court improperly commented on his right to appeal.  Texas law prohibits a trial court from making
a remark calculated to convey to the jury its opinion of the case at any stage
of the trial before the verdict is returned. 
See Tex. Code Crim. Proc.
Ann. art. 38.05 (Vernon 1979). 








Here,
a venire member asked what would happen if it was later determined that the
evidence was insufficient to support a conviction, and the trial court
commented that a court could reverse a conviction and grant a new trial.[1]  Appellant claims the trial court=s
comment prejudiced him because it Aessentially communicated to the jury that it would be alright
for them to convict an innocent person.@  Appellant=s
trial counsel did not object to the trial court=s comment.  

A
trial court=s statement, amounting to Afundamental error of constitutional dimension,@
does not require an objection to preserve error.  See Blue v. State, 41 S.W.3d 129, 132 (Tex. Crim.
App. 2000) (recognizing a trial court=s
statement to the venire that it preferred the defendant plead guilty tainted
the defendant=s presumption of innocence and was fundamental error).  However, in this case, the trial court=s
comment does not rise to the level of fundamental error.  Accordingly, appellant failed to preserve
error by not objecting to the trial court=s statement about which he complains.  See Tex.
R. App. P. 33.1; see also Sharpe v. State, 648 S.W.2d 705, 706
(Tex. Crim. App. 1983).  Additionally, the trial court=s
comment is not an expressed opinion on the sufficiency of evidence in appellant=s
case; the trial court merely explained a legal process.  Consequently, it was not error for the court
to have answered as it did.  See, e.g.,
Mestiza v. State, 923 S.W.2d 720, 724 (Tex. App.CCorpus Christi 1996, no writ) (finding that a trial court did not express an
opinion of a party=s guilt by briefly explaining parole in response to a venire
member=s
question). 








In
his second point of error, appellant claims the State conducted an improper voir dire by attempting to commit the jury to a particular
verdict using a hypothetical fact pattern that was factually specific to this
case.[2]  See Standefer v.
State, 59 S.W.3d 177, 181 (Tex. Crim. App. 2001)
(prohibiting improper commitment questions). 
An attorney=s questioning during voir dire is
proper if it seeks to discover a juror=s views on an issue applicable to the case.  See Smith v. State, 703 S.W.2d 641,
643 (Tex. Crim. App. 1985); see
also Barajas v. State, No. 415‑99, slip op. at 7‑11, 2002 WL
1380916, at *3‑*5 (Tex. Crim. App. June 26,
2002).  In this case, the prosecutor
asked Acan
you consider scientific evidence when you=re making up your mind as to guilt/innocence?@  The prosecutor then asked Ahave
we all heard of fingerprint evidence?@  The prosecutor later
asked, Ahave
you ever heard of DNA evidence?@  Appellant=s
trial counsel objected, arguing the prosecutor was attempting to commit the
jury by discussing fingerprint and DNA evidence, claiming the question was a
discussion of the facts of the case.  The
trial court overruled the objection.  The
prosecutor then asked the prospective jurors individually and by rows if they
could consider DNA evidence. 

Questions
regarding scientific evidence are generally permissible.  See Harris v. State, 996 S.W.2d 232, 235B36
(Tex. App.CHouston [14th Dist.] 1999, no pet.) (recognizing the State=s
right to ask proper questions of the venire panel about DNA testing since the
State=s
case was based on DNA and other types of circumstantial evidence).  However, such questions would be
impermissible if the questions attempt to commit the juror to a particular
verdict based on particular facts.  Standefer, 59 S.W.3d at 179.  Here, the prosecutor=s
questions sought to discover jurors= opinions on the reliability of scientific evidence, to which a
Ayes@
or Ano@
answer would not commit the venire member to resolve an issue in a certain
way.  See id. at 179B80
(prohibiting question whether jurors would presume guilt from defendant=s
refusal to submit to breath test). 
Accordingly, appellant=s second point of error is overruled.[3]              

In
his final two points of error, appellant claims the State=s
closing arguments during the guilt innocence phase of trial were improper.  Appellant first claims the following portion
of the State=s jury argument was an improper plea for law enforcement: 

And
your message should be, keep on out there, keep working those cases, bring us a
safer community.  It shouldn=t
be just give up, it should be keep on. Send a message to Ms. Robles and the
victims in our community that women should feel safe in their homes.  Send a message to people that when they act
out of kindness to bring people water and to let them use their telephone that
that, too should be rewarded. 








However,
appellant=s trial counsel did not object to this argument.  Therefore, appellant has not preserved this
issue for our review.  See McFarland
v. State, 928 S.W.2d 482, 510 (Tex. Crim. App. 1996) (recognizing that a defendant must object to potential
improper argument in order to preserve any error).  In any event, the State is entitled to make a
plea for law enforcement, including arguing the relationship between the jury=s
verdict and the deterrence of crime in general and arguing the impact of the
jury=s
verdict on the community.  See Borjan v. State, 787 S.W.2d 53, 55B56
(Tex. Crim. App.
1990).  Consequently, the State=s
argument was not improper.  

Appellant
also claims the State improperly argued the range of punishment by stating ADo
not turn this dangerous criminal away, make him accountable.  Punishment, it=s a different matter. 
This jury may be lenient, this jury may be . . . .@  Appellant=s trial counsel objected and the trial court sustained the
objection.  However, appellant=s
trial counsel failed to request an instruction that the jury disregard the
argument.  A defendant=s
failure to pursue his objection to an adverse ruling forfeits his right to
complain about the erroneous argument on appeal.  Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim.
App. 1996) (overruling the exception that a
defendant can raise improper jury argument for the first time on appeal if the
prosecutor=s argument is so prejudicial that an instruction to disregard
will not cure the harm).  Accordingly,
appellant failed to preserve error.  See
id; see also Campos v. State, 946 S.W.2d 414, 418 (Tex. App.CHouston [14th Dist.] 1997, no pet.).

The
judgment of the trial court is affirmed. 


 

/s/        Leslie
Brock Yates

Justice

 

Judgment rendered and Opinion filed
September 5, 2002.

Panel consists of Justices Yates, Seymore, and Guzman.

Do Not Publish C
Tex. R. App. P. 47.3(b).











[1]  The relevant
portion of the voir dire examination proceeded as
follows:

Venireperson:
                Well, okay, if that=s the caseBwhat if
say all the evidence presented, right, whatever evidence was available was
presented that day, for example, it seemed like he was guilty but then I say
yes.

The Court:                     You
don=t vote until the whole trial is over.

Venireperson:
                Until the whole trial is
over?

The Court:                     At
the end of the trial you vote.

Venireperson:
                Say at that point in time,
that day with the evidence available you make that decision, then whatever
decision, either yes or no, right.  But
then it turns out, let=s say, actually the defendant was innocent because not
sufficient evidence was available at that date and time, but you base your
decision on that evidence, that=s going to come back, you know.

The Court:                     If
it comes back a new trial could be granted, the case could be reversed.





[2]  In
this point of error, appellant references eight pages of record without
reference to a specific question or hypothetical.  However, in the interest of justice, we
review the record and treat the point of error as covering every subsidiary
question fairly included.  See Tex. R. App. P. 38.1.  





[3]  Alternatively,
appellant requests this court to order a new trial on the matter of punishment
only.  However, a court cannot order a
new trial on punishment unless error occurred in the punishment phase of
trial.  See Tex. Code Crim. Proc. Ann. art. 44.29(b)(Vernon
Supp. 2002).  Because appellant
alleges no error in the punishment phase of trial, his request is denied.