Affirmed and Memorandum Opinion filed December 23, 2003









Affirmed and Memorandum Opinion filed December 23,
2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01198-CR

____________

 

JOE ANGEL MEDINA, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 905,033

 



 

M E M O R A N D U M  O
P I N I O N

Appellant, Joe Angel Medina, Jr., was found guilty by a jury
of aggravated assault and  sentenced by
the court to six years= confinement.  In his sole point of error, appellant alleges
the trial court erred in failing to instruct the jury to disregard alleged
improper prosecutorial jury arguments. 
We affirm.    








Appellant was involved in an altercation with his wife,
brother, and brother=s girlfriend in the parking lot
of an extended-stay hotel. The complainant, Kirk Puffer, and Ernest Boykins
were residing in the hotel on the day of the incident.  While in his room,  Puffer looked out of the window and saw
appellant=s brother, Ralph Medina, hit
appellant=s wife.  Puffer and Boykins immediately went down to
the parking lot to make sure appellant=s wife was alright.  According to Puffer and Boykins, after they
confronted appellant and Ralph, appellant became angry, drew a gun, pointed it
at Puffer, and threatened to shoot him if he did not leave.  The police arrived shortly thereafter and
arrested appellant and Ralph.        Appellant and his wife testified that
Ralph was actually the person who drew the gun on Puffer.  Ralph, however, did not testify because, as
appellant=s attorney argued, Ralph was
unavailable as a witness because if called, he would invoke his Fifth Amendment
rights. The trial court agreed and would not permit appellant=s counsel to call Ralph as a
witness.[1]  During closing arguments, the prosecutor
contended appellant was casting blame on Ralph Medina, a person he failed to
call as a defense witness.  Appellant
immediately objected and the trial court sustained the objection.  Appellant, however, did not request an
instruction for the jury to disregard the comments until after the close
of the prosecutor=s arguments.  The trial court denied the requested
instruction.








In his sole issue on appeal, appellant contends the trial
court erred in failing to instruct the jury to disregard the prosecutor=s comments made during closing
arguments.  In order to preserve a
complaint for review, the party must show that he timely objected and pursued
his objection to an adverse ruling.  Cockrell
v. State, 933 S.W.2d 73, 89, 96 (Tex. Crim. App. 1996).  A[A] defendant=s failure to object to a jury
argument or a defendant=s failure to pursue to an
adverse ruling his objection to a jury argument forfeits his right to complain
about the argument on appeal.@  Id. 
When complaining about improper jury argument, the proper method of pursuing
an objection to an adverse ruling is to (1) object, (2) request an instruction
to disregard, and (3) move for a mistrial. 
Sawyers v. State, 724 S.W.2d 24, 38 (Tex. Crim. App. 1986) overruled
on other grounds, Watson v. State, 762 S.W.2d 591, 599 (Tex. Crim.
App. 1988).  If the trial court sustains
the objection, the party must request an instruction if an instruction to
disregard could cure the prejudice from the improper argument.  McGinn v. State, 961 S.W.2d 161, 165
(Tex. Crim. App. 1998).  Thus, to
preserve error, the objection must be pressed to the point of obtaining an
adverse ruling, whether that is a ruling on the objection, the request that the
jury be instructed to disregard, or the motion for mistrial.  Campos v. State, 946 S.W.2d 414, 417 (Tex.
App.CHouston [14th Dist.] 1997, no
writ); Lusk v. State, 82 S.W.3d 57, 60 (Tex. App.CAmarillo 2002, pet. ref=d); see also Cooks v. State,
844 S.W.2d 697, 727B28 (Tex. Crim. App. 1992).     

The only issue in this appeal is whether appellant=s instruction to disregard was
timely.  An objection or request is
timely if it is made at the earliest opportunity or as soon as the ground of
objection or request becomes apparent.  Boone
v. State, 60 S.W.3d 231, 238 (Tex. App.CHouston [14th Dist.] 2001, pet.
ref=d); Mosley v. State, 931
S.W.2d 670, 674 (Tex. App.CHouston [14th Dist.] 1996, writ
ref=d).  Therefore, an objection or requested
instruction made at the end of argument is not timely.  Moore v. State, 999 S.W.2d 385, 403
(Tex. Crim. App. 1999) (holding appellant waived any error by failing to object
and waiting until conclusion of testimony to request an instruction to
disregard); Cunningham v. State, 848 S.W.2d 898, 905 (Tex. App.CCorpus Christi 1993, writ ref=d) (holding that Aalthough appellant timely objected,
he waited until argument was concluded to request an instruction to
disregard.  That request was not timely.@); see also Hammock v. State,
46 S.W.3d 889, 895 (Tex. Crim. App. 2001) (holding that because appellant did
not request a limiting instruction contemporaneously with the admission of the
evidence, the evidence was admitted for all purposes).   








In this case, appellant timely objected, but did not request
an instruction until the end of the prosecutor=s closing arguments.  Appellant contends the jury was tainted by
the objectionable statements because the trial court denied his request to
instruct the jury to disregard; however, at the time the objection was
sustained, the trial court granted appellant all the relief he requested.  By failing to contemporaneously request an
instruction, appellant has waived any error on appeal.  We therefore overrule appellant=s sole issue and affirm the
judgment of the trial court. 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed December 23, 2003.

Panel
consists of Chief Justice Hedges and Justices Anderson and Seymore.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 











[1]  There is no
evidence in the record that Ralph Medina personally invoked his Fifth Amendment
rights.  However, the trial court stated
for the record that it was relying on the statement made by appellant=s counsel as to Ralph=s
invocation of the Fifth Amendment.