HOES V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

                                    
NOS.
 
2-03-413-CR

2-03-414-CR

JEFFERY LYNN HOES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jeffery Lynn Hoes, in accordance with a plea bargain agreement, was placed on deferred adjudication community supervision on January 7, 2003 for a charge of burglary of a habitation with intent to commit theft.  Less than three months later, on March 29, 2003, Appellant was found hiding in the bedroom closet of a female TCU student.  The TCU student entered her apartment and found her computer turned on and her bed in disarray.  As she stood in her bedroom, Appellant came out of the closet and rushed out of the apartment with a handful of the student’s.

Appellant was indicted for the offenses of burglary of a habitation with intent to commit theft and burglary of a habitation with intent to commit sexual assault.  The State also filed a petition to proceed to adjudication on the previous burglary charge.  On September 29, 2003, a trial was held on the merits of the State’s indictment as well as the State’s petition to proceed to adjudication.  
Pursuant to a plea agreement, Appellant pled guilty to burglary with intent to commit theft and the State dropped the burglary with intent to commit sexual assault charge.  Appellant additionally pled true to the allegation in the State’s petition to proceed to adjudication.  The court sentenced Appellant to twenty years’ confinement for each charge.  Claiming two points of error, Appellant appeals his convictions.  

In his first point, Appellant argues that the trial court erred in failing to order a pre-sentence investigation report prior to sentencing.  The State contends, however, that Appellant failed to preserve this point of error for review.  
To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2).  
If a party fails to do this, error is not preserved, and the complaint is waived.  
Eddie v. State
, 100 S.W.3d 437, 445 (Tex. App.—Texarkana 2003, pet. ref’d).

After a hearing was held on both the new charge and the petition to adjudicate, the trial court asked Appellant if there was any legal reason why he should not be sentenced, and Appellant’s attorney answered, “No legal reason, Your Honor.”  Although a motion for new trial was filed in these cases, Appellant did not complain about the lack of a statutorily required pre-sentence investigation until the filing of his appellate brief.  Accordingly, Appellant has waived this issue on appeal.  
Id.
 (holding that the defendant waived the right to a pre-sentence investigation where the trial court proceeded to adjudication and sentenced him without objection).  We overrule his first point.

In his second point, Appellant claims that the trial court committed error in sentencing him to the maximum sentence allowable after the State asked the trial court to speculate about matters outside the record.  Appellant specifically challenges statements made during the State’s closing argument.  To preserve any error from improper jury argument, a party must object to the argument and pursue the objection to an adverse ruling.  
Tex. R. App. P
. 33.1; 
Simpson v. State,
 119 S.W.3d 262, 268 (Tex. Crim. App. 2003); 
Cockrell v. State,
 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), 
cert. denied,
 520 U.S. 1173 (1997). A party must therefore object to the argument, request an instruction for the jury to disregard, and then move for a mistrial.  
Cockrell,
 933 S.W.2d at 89; 
Cook v. State,
 858 S.W.2d 467, 473 (Tex. Crim. App. 1993); 
Barnes v. State
, 70 S.W.3d 294, 307-08 (Tex. App.—Fort Worth 2002, pet. ref'd).  Here, Appellant did not object to the State’s jury argument nor request an instruction for the jury to disregard.  Accordingly, we hold that Appellant's second point is waived, and we overrule it on that basis.  
See
 
Tex. R. App. P. 
33.1; 
Simpson
, 119 S.W.3d at 268; 
Cockrell
, 933 S.W.2d at 89; 
Calderon v. State,
 950 S.W.2d 121, 138-39 (Tex. App.—El Paso 1997, no pet.) (holding complaint regarding improper jury argument not preserved where defendant objected and obtained a curative instruction, but failed to request a mistrial); 
Campos v. State
, 946 S.W.2d 414, 418 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (op. on reh’g) (holding defendant failed to preserve complaint about improper jury argument by failing to obtain a ruling on his request for an instruction to disregard).

Having overruled both of Appellant’s points on appeal, we affirm the trial court’s judgments. 

PER CURIAM

PANEL B: HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH  

Tex. R. App. P. 
47.2(b)

DELIVERED:  May 27, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.