COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
                    
                          NOS.   2-03-413-CR
   
2-03-414-CR
 
 
JEFFERY 
LYNN HOES                                                             APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Jeffery Lynn Hoes, in accordance with a plea bargain agreement, was placed on 
deferred adjudication community supervision on January 7, 2003 for a charge of 
burglary of a habitation with intent to commit theft.  Less than three 
months later, on March 29, 2003, Appellant was found hiding in the bedroom 
closet of a female TCU student. The TCU student entered her apartment and found 
her computer turned on and her bed in disarray.  As she stood in her 
bedroom, Appellant came out of the closet and rushed out of the apartment with a 
handful of the student’s underwear.
        Appellant 
was indicted for the offenses of burglary of a habitation with intent to commit 
theft and burglary of a habitation with intent to commit sexual assault.  
The State also filed a petition to proceed to adjudication on the previous 
burglary charge.  On September 29, 2003, a trial was held on the merits of 
the State’s indictment as well as the State’s petition to proceed to 
adjudication.  Pursuant to a plea agreement, Appellant pled guilty to 
burglary with intent to commit theft and the State dropped the burglary with 
intent to commit sexual assault charge.  Appellant additionally pled true 
to the allegation in the State’s petition to proceed to adjudication.  
The court sentenced Appellant to twenty years’ confinement for each charge.  
Claiming two points of error, Appellant appeals his convictions.
        In 
his first point, Appellant argues that the trial court erred in failing to order 
a pre-sentence investigation report prior to sentencing.  The State 
contends, however, that Appellant failed to preserve this point of error for 
review.  To preserve a complaint for our review, a party must have 
presented to the trial court a timely request, objection, or motion that states 
the specific grounds for the desired ruling if they are not apparent from the 
context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley v. 
State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. 
denied, 526 U.S. 1070 (1999).  Further, the trial court must have ruled 
on the request, objection, or motion, either expressly or implicitly, or the 
complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P. 33.1(a)(2).  
If a party fails to do this, error is not preserved, and the complaint is 
waived.  Eddie v. State, 100 S.W.3d 437, 445 (Tex. App.—Texarkana 
2003, pet. ref’d).
        After 
a hearing was held on both the new charge and the petition to adjudicate, the 
trial court asked Appellant if there was any legal reason why he should not be 
sentenced, and Appellant’s attorney answered, “No legal reason, Your 
Honor.”  Although a motion for new trial was filed in these cases, 
Appellant did not complain about the lack of a statutorily required pre-sentence 
investigation until the filing of his appellate brief.  Accordingly, 
Appellant has waived this issue on appeal.  Id. (holding that the 
defendant waived the right to a pre-sentence investigation where the trial court 
proceeded to adjudication and sentenced him without objection).  We 
overrule his first point.
        In 
his second point, Appellant claims that the trial court committed error in 
sentencing him to the maximum sentence allowable after the State asked the trial 
court to speculate about matters outside the record.  Appellant 
specifically challenges statements made during the State’s closing argument.  
To preserve any error from improper jury argument, a party must object to the 
argument and pursue the objection to an adverse ruling.  Tex. R. App. P. 33.1; Simpson v. 
State, 119 S.W.3d 262, 268 (Tex. Crim. App. 2003); Cockrell v. State, 
933 S.W.2d 73, 89 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1173 
(1997).  A party must therefore object to the argument, request an 
instruction for the jury to disregard, and then move for a mistrial.  Cockrell, 
933 S.W.2d at 89; Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim. App. 
1993); Barnes v. State, 70 S.W.3d 294, 307-08 (Tex. App.—Fort Worth 
2002, pet. ref'd).  Here, Appellant did not object to the State’s jury 
argument nor request an instruction for the jury to disregard.  
Accordingly, we hold that Appellant's second point is waived, and we overrule it 
on that basis.  See Tex. R. 
App. P. 33.1; Simpson, 119 S.W.3d at 268; Cockrell, 933 
S.W.2d at 89; Calderon v. State, 950 S.W.2d 121, 138-39 (Tex. App.—El 
Paso 1997, no pet.) (holding complaint regarding improper jury argument not 
preserved where defendant objected and obtained a curative instruction, but 
failed to request a mistrial); Campos v. State, 946 S.W.2d 414, 418 (Tex. 
App.—Houston [14th Dist.] 1997, no pet.) (op. on reh’g) (holding defendant 
failed to preserve complaint about improper jury argument by failing to obtain a 
ruling on his request for an instruction to disregard).
        Having 
overruled both of Appellant’s points on appeal, we affirm the trial court’s 
judgments.
 
  
                                                                  PER 
CURIAM
 
 
PANEL 
B:   HOLMAN, DAUPHINOT, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 27, 2004
 

 
NOTES
1.  
See Tex. R. App. P. 47.4.