Affirmed and Opinion filed January 17, 2006









Affirmed and Opinion filed January 17, 2006

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01141-CR

____________

 

ADRIAN MEDINA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 263rd
District Court

Harris County, Texas

Trial Court Cause No. 962,721

 



 

O P I N I O N

Appellant Adrian Medina appeals after a
jury found him guilty of murder and assessed punishment at fifty-five years=
incarceration.  In four points of error,
appellant argues that (1) the prosecutor=s material
misstatement of the law was manifestly improper; (2) the prosecutor=s argument during
the punishment phase was inflammatory and prejudicial; (3)  the trial court erroneously denied defense
counsel=s hearsay
objection to a statement made by a co-defendant; and (4) appellant=s trial counsel
was ineffective in that he failed to object to the admission of evidence of
extraneous drug offenses during the guilt/innocence phase.








Background

In the early morning hours of April 16,
2003, decedent Gary Pruett and his friend James Dunning bought crack cocaine
from appellant and Josue Vazquez. 
However, Gary thought that the Arock@ was too small,
and an argument ensued.  The
confrontation ended when Vazquez put a gun to Gary=s head, and
Dunning sped away.  Either Vazquez or
appellant fired shots at the car as it left the scene.

Dunning and Gary drove to Dunning=s trailer.  Later, Vazquez and appellant also arrived at
Dunning=s trailer, and the
earlier argument recommenced.   Gary=s wife Michelle
testified that she telephoned Dunning=s trailer around
6:00 a.m. when she realized that her husband was not home.  While on the phone with Gary, Michelle heard
him say to a third party:  ASo what are you
going to do, shoot me now?@  Michelle also recognized appellant=s voice in the
background and heard him reply:  ANo, we just want
to talk.@  Suddenly the phone went dead; when Michelle
called back, Dunning answered and informed her that appellant and Vazquez had
shot Gary.  According to Dunning, Vazquez
shot Gary six to eight times. 

Dunning also testified that he eventually
hid inside the trailer, and that after he retreated, he heard several more
shots fired.  At the scene, police found
shell casings of two different calibers, indicating that Gary was shot with two
different weapons.  After the shooting,
Vazquez allegedly told a third party that he and appellant had shot Gary, and
appellant stood silent.

Misstatement of the Law in Jury
Argument








In his first point of error, appellant
argues that the prosecutor=s misstatement of
the law was manifestly improper because it invited jurors to convict appellant
as a party simply because he was present at the scene.  During closing argument in the
guilt/innocence phase, the prosecutor stated: A[The other
prosecutor] discussed with you in voir dire about what it takes to be a party
to an offense or an accomplice.  If you
aid, or you encourage, or if you had the opportunity to prevent the crime and
you fail to do so, then you=re a party to the
offense.@  Defense counsel objected that the prosecutor
had misstated the law, specifically the implication that Aif you don=t act to prevent
the offense, that you=re guilty as a party.@  The judge sustained the objection and sua
sponte instructed the jury to disregard the prosecutor=s last
statement.  Defense counsel took no
further action regarding the prosecutor=s first statement.

Speaking at the same time as the judge was
instructing the jury, the prosecutor continued his argument:

Bacting with intent to prevent the
offense and you fail to do so at that time, you=re a party. . . .  When you=re deliberating, and there is [sic] 12 of you here, six of
you can believe that he was a principle [sic], six of you could believe beyond
a reasonable doubt that he is a party or an accomplice or however it breaks
down when you=re in the jury deliberation room.  It makes no difference.

All that matters is that you believe beyond a reasonable
doubt that this defendant Adrian Medina was either the principle [sic] shooter
in this offense or he was a party to this offense along with Josue Vazquez.

Defense counsel made no objection to the prosecutor=s second
statement.  

We agree with appellant that in certain
instances, a prosecutor=s misstatement of the law can be
manifestly unjust.  However, in appellant=s case, we need
not determine whether the prosecutor=s statements were
manifestly improper because appellant has failed to preserve the issue on
appeal.  








A defendant=s failure to
object to a jury argument or a defendant=s failure to
pursue to an adverse ruling his objection to a jury argument forfeits his right
to complain about the argument on appeal. Cockrell v. State, 933 S.W.2d
73, 89 (Tex. Crim. App. 1996); Campos v. State, 946 S.W.2d 414, 416
(Tex. App.CHouston [14th Dist.] 1997, no pet.).  Here, defense counsel failed to move for a
mistrial after the judge sustained his objection to the prosecutor=s initial
misstatement of the law.  See Koller
v. State, 518 S.W.2d 373, 375-76 n.2 (Tex. Crim. App. 1975) (commenting
that proper method of pursuing to an adverse ruling an objection to improper
jury argument is to (1) object; (2) request an instruction to disregard, and
(3) move for a mistrial).  Appellant
received the relief he requested concerning the prosecutor=s first
statement.  Defense counsel raised no
objection to the prosecutor=s second
statement.  Accordingly, because
appellant has not preserved the issue for appeal, we overrule his first point
of error.

Inflammatory Jury Argument

Appellant contends that the following
portion of the prosecutor=s closing argument at the punishment phase
was inflammatory, prejudicial, and manifestly improper so as to require
reversal:

What I=d really like to
ask you to do, you don=t have the power to do it, is not to give
him  a sentence of any number of
years.  What I=d like to be able
to ask you to do is just to bring Gary Pruett back to life just for five
minutes just so Michelle has a chance and the kids to say good-bye.  Just so his brother can talk to him one more
time and say that he tried his best to help him out.  But you can=t do that.

However, because defense counsel failed to object, the
issue is not preserved for appellate review.[1]  Cockrell, 933 S.W.2d at 89; Campos,
946 S.W.2d at 416. We overrule appellant=s second point of
error.

Hearsay Statement








In his third point of error, appellant
argues that the trial court erred by overruling defense counsel=s hearsay
objections to certain testimony by Louis Medina, appellant=s brother.  At trial, Louis testified that he, appellant,
and Vazquez met in a room together after the shooting.  Defense counsel objected on hearsay grounds
when the prosecutor asked whether Vazquez had told Louis that he and appellant
both had killed Gary Pruett.  After the
court overruled the objection, Louis responded: ANo, sir, I don=t remember talking
to [Vazquez].@

We review a trial court=s ruling on the
admissibility of evidence under an abuse of discretion standard.  Oveal v. State, 164 S.W.3d 735, 742
(Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).  Texas Rule of Evidence 801(d) defines hearsay
as Aa statement, other
than one made by the declarant while testifying at the trial or hearing,
offered in evidence to prove the truth of the matter asserted.@  Tex.
R. Evid. 801(d).  A statement is
(1) an oral or written verbal expression or (2) nonverbal conduct of a person,
if it is intended by a person as a substitute for verbal expression.  Tex.
R. Evid. 801(a).  Because Louis
denied that Vazquez made a statement about the murder, his answer to the
prosecutor=s question did not qualify as a statement
for hearsay purposes.  Because the
objected-to testimony was not hearsay, the trial court did not abuse its
discretion by overruling the objection. 
Accordingly, we overrule appellant=s third point of
error.

Ineffective Assistance of Counsel

In his fourth point of error, appellant
argues that defense counsel was ineffective in that he failed to object to the
admission of extraneous drug offenses during the guilt/innocence phase.  Specifically, appellant alleges that defense
counsel should have objected when the prosecutor asked Gary Pruett=s wife Michelle if
she had Aseen Gary purchase
drugs from Josue Vazquez and Adrian Medina,@ to which Michelle
responded affirmatively.  According to
appellant, defense counsel also should have objected when the prosecutor asked:
AFrom both of them?@, to which
Michelle also responded affirmatively.








To prove ineffective assistance of
counsel, appellant must demonstrate that his trial counsel=s performance was
deficient because it fell below an objective standard of reasonableness, and
that there was a reasonable probability that, but for counsel=s errors, the
result of the proceeding would have differed.  Strickland v. Washington, 466 U.S. 668,
689 (1984); Rodriguez v. State, 899 S.W.2d 658, 664 (Tex. Crim. App.
1995).  Whether this standard has been
met is to be judged by the totality of the representation rather than by
isolated acts or omissions of counsel, and the test is applied at the time of
trial. Rodriguez, 899 S.W.2d at 665. 
Appellant must prove this ineffectiveness by a preponderance of the
evidence.  Id.  There is a strong presumption that counsel=s conduct fell
within the wide range of reasonable professional assistance, and we will
sustain allegations of ineffectiveness only if they are firmly founded in the
record.  Thompson v. State, 9
S.W.3d 808, 812-13 (Tex. Crim. App. 1999); Rodriguez, 899 S.W.2d at 665.

Appellant did not file a motion for new
trial.  Without evidence of trial counsel=s strategy, we
cannot say that defense counsel=s failure to
object fell below an objective standard of reasonableness.  Evaluating counsel=s choices made
during trial would require us to second-guess his strategy through hindsight,
an exercise which cannot support a finding of ineffective assistance.  See Longoria v. State, 148 S.W.3d 657,
659 (Tex. App.CHouston [14th Dist.] 2004, pet ref=d).  Accordingly, we overrule appellant=s final point of
error and affirm his conviction.

 

 

 

/s/      Adele
Hedges

Chief Justice

 

 

 

Judgment rendered
and Opinion filed January 17, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Anderson. (Yates, J. concurring in
results only)   

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  Appellant
relies on Curtis v. State, in which the Court of Criminal Appeals noted
that Afailure to object timely does not waive an error
created by an argument of the prosecutor which is >so prejudicial that no instruction could cure the
harm.=@ 640 S.W.2d 615, 619 n.4 (Tex. Crim. App. 1982).  However, in Cockrell, the Court of
Criminal Appeals Aexpressly overruled@ any
prior cases holding that a defendant need not object when an erroneous jury
argument could not have been cured by an instruction to disregard.  933 S.W.2d at
89.