Affirmed and Memorandum Opinion filed April 26, 2007








Affirmed and Memorandum Opinion filed April 26, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00401-CR

____________

 

WAYNE DEE BINFORD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 1034992

 



 

M E M O R A N D U M    O P I N I O N








Appellant, Wayne Dee Binford, was convicted by a jury of
driving while intoxicated, third offender.  Appellant pled true to allegations
contained in two enhancement paragraphs for aggravated assault and burglary of
a building.  The trial court made findings of true as to the enhancement
paragraphs and assessed appellant=s punishment at 30
years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  In his sole
point of error on appeal, appellant contends the State=s closing argument
violated his right to due process and was a violation of Crawford v.
Washington.[1] 
We affirm.  

Shortly after 1:00 a.m., on July 24, 2005, Sergeant Dorothy
Denhert of the Harris County Sheriff=s Department was
driving north on I-45 when she observed appellant=s truck weave from
the center lane into the right lane.  The driver of a car in the right lane Ajerked his car to
the right to keep from getting hit.@  Appellant moved
back into the center lane.  Denhert observed a couple of other incidents where
appellant=s truck nearly hit vehicles in other lanes.  Appellant
was driving at speeds ranging from 60 to 80 miles per hour.

Denhert then observed appellant coming up on a van at 80 or
85 miles per hour.  Denhert thought appellant was going Ato run smack into
the back of that van . . . but he slammed on his brakes,@ coming almost to
a complete stop and then resumed driving.  At this point, Denhert, who was
driving her personal vehicle, called 911 from her cell phone.  Denhert followed
appellant and stayed on the phone with the 911 operator.  As appellant
continued to weave in and out of lanes of traffic, other vehicles moved out of
appellant=s way.  When appellant exited the freeway, he ran over
the curb with his front tire and came to a stop sign, where he stopped for a
minute before turning right and running over the median.  








Officer Laura Lindquist of the Houston Police Department
was on duty, driving her patrol car, but not headed to any call, when appellant=s truck edged into
her lane.  Lindquist had to back off a little to avoid a collision.  Then
appellant=s truck moved into the center of her lane and drifted
back over.  Lindquist turned on her lights to initiate a traffic stop because
he had failed to maintain a single lane of traffic.  According to Lindquist,
appellant did not respond, but continued to drive, Aweaving over
again.@  She pulled up
next to him to try to get his attention, but he was staring straight ahead. 
Linquist turned on the siren and yelled at appellant that he need to pull
over.  After the passenger in appellant=s truck heard her,
appellant pulled into a parking lot.  Lindquist got out of her car.  She
noticed appellant had bloodshot eyes, his speech was slurred, and there was
alcohol on his breath.  Appellant then drove away and she got back into her
patrol car and turned on her lights and siren.  Appellant pulled into another
parking lot.[2] 


Sergeant
Denhert followed them into the parking lot, pulling over to the side, and got
out so that Lindquist would know she was law enforcement.  Lindquist
attempted to administer a field sobriety test, but he was not able to do what
she asked him to do.  Appellant was not able to stand unassisted.[3] 
The passenger told them appellant had been drinking since noon.  Appellant was
much more intoxicated than the passenger.  Lindquist allowed the passenger to
walk away from the scene, and transported appellant to the police station.  

Officer Luis Romano was assigned to the intoxilyzer room at
the police station when appellant was brought in.  Appellant refused to take
the breath test.  Romano noticed a very strong odor of alcoholic beverage and
appellant=s slurred speech and slow reactions.  Appellant
refused to take any field sobriety tests because he said he had the legal right
not to.  

In his sole point of error on appeal, appellant claims the
State=s closing argument
violated his right to due process and was a violation of Crawford
because the passenger in appellant=s truck was
unavailable to testify.  The following took place during the State=s closing
argument:








MR. RUCKER: Now, Mr. Binford, you can kind of write
a book on what exactly he was trying to do that night.  And the book is kind of
like a recipe of getting out of D.W.I.  It=s, you know, if you are drinking and you are driving all
over the road, and you got a sheriff=s deputy following you, and you are swerving in and out of
lanes, you are driving, you are going fast and you can=t control your car, and then get
stopped by an H.P.D. officer, and you can=t follow our instructions, and you can=t do any field sobriety tests, and
you are falling down, and your buddy=s drunk, you told the officer they have been drinking all
day --  

MS. HARPER:  Objection, Your Honor.  That=s not in evidence.

THE COURT:  Lawyer=s arguments are not evidence, ladies and gentlemen.

                                                    *       
*        *

MS. HARPER:  Your Honor, I would like to move for a
mistrial based on the Prosecutor testifying from a witness that was not in
court, bringing up evidence that was never brought before this jury.

THE COURT:  It is
denied.

Appellant=s complaint on appeal is without merit. 
First, we note that Denhert testified during cross-examination Athe passenger told
us that he had been drinking since noon.@  Appellant=s counsel did not
object to the statement. 








Second, appellant waived his complaint on three levels. 
The defendant=s failure to pursue an adverse ruling to his objection
to a jury argument results in waiver of his right to complain about the
argument on appeal.  Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim.
App. 1996).  The trial court=s statement, ALawyer=s arguments are
not evidence, ladies and gentlemen,@ is not an adverse
ruling on appellant=s objection.  See, e.g., Flores v.
State, 871 S.W.2d 714, 723 (Tex. Crim. App. 1993) (holding trial court=s statement, Awhat the attorneys
say is not evidence and cannot be considered by you as evidence,@ was not adverse
ruling); Stiles v. State, 927 S.W.2d 723, 733 (Tex. App.CWaco 1996, no
pet.) (holding trial court=s statement, Ayou=ll remember the
evidence and that=s the only thing you would be guided by@ not an adverse
ruling). 

Next, appellant=s request for a
mistrial was not made contemporaneously with the prosecutor=s complained of statement. 
A defendant waives error regarding the alleged impropriety of the State=s argument by not
making a proper objection contemporaneously with the argument.  Campos v.
State, 946 S.W.2d 414, 416 (Tex. App.CHouston [14th
Dist.] 1997, no pet.).  Appellant waited until after the prosecutor had
concluded his closing argument before requesting a mistrial.  

Finally, appellant did not argue in the trial court, as he
does on appeal, that the State=s argument violated his right to due
process and was a violation of the confrontation clause.  Instead, he objected
that the prosecutor=s statement was about a matter that was
not in evidence.  A complaint on appeal must comport with the objection made in
the trial court or it is waived.  Heidelberg v. State, 144 S.W.3d 535,
537 (Tex. Crim. App. 2004).  Appellant=s sole point of
error is overruled.  

Accordingly, the judgment of the trial court is affirmed.  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed April 26, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  541 U.S. 36 (2004).  





[2]  Denhert=s
and Lindquist=s versions of the event differ at this point. 
According to Denhert, when appellant was making a left turn at a green light,
he nearly hit an HPD vehicle approaching from the other direction.  When
Lindquist stopped appellant, Denhert observed the HPD vehicle was pulled up
next to appellant=s truckCAdriver-to-driver.@  Lindquist opened her door, but did not get out. 
Appellant reached through his window and pushed the patrol car=s door shut and drove off.  Lindquist pulled him over
immediately into a parking lot. 





[3]  Denhert similarly testified that when appellant was
getting out of his truck, he almost fell down.  Appellant could not sit up
without Lindquist reaching in and pulling him back up.