Opinion issued February 2, 2010











In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-09-00029-CR

____________


IN RE ABRAHAM CAMPOS, Applicant 






Original Proceeding on Petition for Writ of Habeas Corpus







MEMORANDUM OPINION

 Applicant, Abraham Campos, acting pro se, petitions this Court for a post-conviction writ of habeas corpus. (1) This Court has no jurisdiction to hear a post-conviction application for writ of habeas corpus in felony cases. See Board of
Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth District, 910
S.W.2d 481, 483 (Tex. Crim. App. 1995). 

 In his petition, applicant requests that this Court grant him an out-of-time
appeal. This Court does not have jurisdiction to grant an out-of-time appeal. Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2008). Applicant's remedy is to
seek an out-of-time appeal from the Texas Court of Criminal Appeals by application
for writ of habeas corpus pursuant to article 11.07 of the Code of Criminal
Procedure. See Ater v. Eight Court of Appeals, 802 S. W. 2d 241 (Tex. Crim. App.
1991) (stating that out-of-time appeals in felony cases are governed by article 11.07
of the Texas Code of Criminal Procedure).

 Accordingly, we dismiss applicant's application for writ of habeas corpus for
want of jurisdiction. All requested relief is denied.



 It is so ORDERED.


PER CURIAM


Panel consists of Chief Justice Radack and Justices Alcala and Higley. 


Do not publish. Tex. R. App. P. 47.2(b).
1. Relator was convicted in trial court cause number 269472 of the
offense of murder and is serving a forty year sentence in the
Texas Department of Criminal Justice. Relators conviction was
affirmed by the Fourteenth Court of Appeals on March 27,
1997. See Campos v. State, 946 S. W. 2d 414 (Tex. App.
--Houston [14th Dist.] 1997, no pet).

 Their mandate issued on July 16, 1997.


 This Court affirmed the orders of the trial denying post
conviction DNA testing and for appointment of counsel. See
Campos v. State, No. 01-08-000-CR, 2008 WL 5102463 (Tex.
App.--Houston [1st Dist.] 2008, pet. ref'd) (Not designated for
publication).