**Adam LONGORIA, Appellant**

v.

**The STATE of Texas, Appellee.**

**Nos. 14–03–01120–CR, 14–03–01121–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 19, 2004.

Jerald Kaplan Graber, Houston, for appellants.

Shirley Cornelius, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices EDELMAN and SEYMORE.

## OPINION

ADELE HEDGES, Chief Justice.

Appellant Adam Longoria brings this appeal from his conviction of two counts of aggravated sexual assault. The jury found appellant guilty on both counts, assessing punishment at fifty years' imprisonment for each offense.[1] Appellant presents two issues for appeal: whether he was denied his constitutional right to effective assistance of counsel and whether the trial court erred in excluding the testimony of a defense witness pursuant to Texas Rule of Evidence 614. We affirm.

1. The trial court granted the State's request to

## Background

In the summer of 2002, appellant resided in Pearland, Texas with his wife, Nancy Quintero, and her two daughters, aged ten and twelve. The daughters had recently returned to their mother's home from living in foster care and with their grandmother while their mother struggled with drug and alcohol addiction. Sometime during that summer, the grandmother of the girls received a phone call from the elder daughter, who told the grandmother that her stepfather was "touching and feeling" on her. The grandmother immediately removed both girls from the home and took them to Texas Children's Hospital, where they were given medical examinations. Defendant was arrested and charged with two counts of aggravated sexual assault of a child.

During the guilt-innocence phase of the trial, both of the girls testified as to the abuse they received from their stepfather. The State also presented evidence from witnesses, both lay and expert, about the physical and psychological impact of child sexual abuse, undergoing a pelvic exam, and life in a foster home. The jury convicted Longoria on both counts.

At the punishment phase of the trial, appellant attempted to present the testimony of Ms. Sheryl Walker to counter testimony from appellant's grown sisters that appellant had sexually abused them as children. According to appellant's trial counsel, Ms. Walker was to testify about her familiarity with the appellant's family and several allegedly inconsistent statements the appellant's sisters had made to her. The trial court sustained the State's objection to Ms. Walker's testimony on the grounds that she had been present in the courtroom in violation of Texas Rule of Evidence 614.

have the sentences cumulated.

Appellant brings this appeal claiming his trial counsel was deficient and that the trial court erred in disqualifying Ms. Walker's testimony.

## Ineffective Assistance of Counsel

In his first point of error, appellant contends that he received ineffective assistance of counsel as a result of his lawyer's failure to object to the following: allegedly inadmissible hearsay regarding statements of the complainants; the qualifications of one of the State's expert witnesses; testimony regarding the impact on the victims of sexual assault, pelvic sexual assault exams, and life in foster care; and an allegedly improper jury argument made by the State.

The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. CONST. amend. VI; *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). To prove a claim of ineffective assistance, an appellant must prove, by a preponderance of the evidence, that his attorney's representation was deficient in that it fell below the objective standard of professional norms; furthermore, an appellant must prove that a reasonable probability exists that, but for the counsel's deficiency, the outcome of the trial would have differed. *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S.Ct. 2052, 2064–69, 80 L.Ed.2d 674 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim.App.2002); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App.1999).

Our review of defense counsel's representation must be highly deferential, presuming that appellant's counsel's actions fell within the wide range of reasonable and professional assistance. *Bone*, 77 S.W.3d at 833; *Tong v. State*, 25 S.W.3d 707, 712 (Tex.Crim.App.2000). Accordingly, to establish deficient performance, a defendant must not only show that his trial counsel's performance fell below an objective standard of reasonableness but also must rebut the presumption that his trial counsel's decisions were based on sound trial strategy. *See Strickland*, 466 U.S. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. A finding of ineffectiveness cannot be supported by second-guessing the strategy of trial counsel through hindsight or by the fact that another attorney might have pursued a different course. *Blott v. State*, 588 S.W.2d 588, 592 (Tex.Crim.App.1979). *See also Sessums v. State*, 129 S.W.3d 242, 246 (Tex.App.-Texarkana 2004, pet ref'd).

With regard to appellant's contentions concerning his counsel's failure to object to allegedly inadmissible hearsay testimony, the qualifications of an expert witness, or allegedly improper jury argument, we cannot say that the attorney's inaction fell below an objective standard of professional norms. Evaluating the attorney's choices made during trial would require us to second-guess his strategy through hindsight, an exercise which cannot support a finding of ineffective assistance. *See Blott*, 588 S.W.2d at 592; *Sessums*, 129 S.W.3d at 246.

Appellant's allegations regarding his trial counsel's failure to object to victim impact testimony, however, require further examination. In support of his argument that testimony regarding the impact of the crime on the victims was improper, appellant cites *Miller–El v. State*, 782 S.W.2d 892 (Tex.Crim.App.1990). Although the Court of Criminal Appeals stated that victim impact testimony did not have "any tendency to make more or less probable the existence of any fact of consequence at the guilt stage of trial," the court went on to hold that victim impact testimony *was* admissible as a " 'circumstance of the offense.' " *Id.* at 895. In this case, the

testimony regarding the girls' behavior and long-term prognosis would have a tendency to make more or less probable a fact of consequence at the guilt stage; that is, whether appellant committed the crimes at all. Since victim impact testimony would have been admissible in this case, we cannot say, therefore, that appellant's trial counsel's failure to object to the testimony fell below the objective standard of professional norms.

Appellant thus fails to meet the first part of the *Strickland* test. His first point of error is overruled.

### Violation of Rule 614

In his second point of error, appellant alleges that the trial court abused its discretion when it disqualified one of his witnesses based on a violation of Texas Rule of Evidence 614. Specifically, appellant maintains that, pursuant to the test laid out by the Court of Criminal Appeals in *Webb v. State,* the trial court abused its discretion because no particular circumstances existed to justify exclusion of witness crucial to his case. 766 S.W.2d 236, 244–45 (Tex.Crim.App.1989). We find no abuse of discretion.

■ Upon invocation by either party or by the court on its own motion, Texas Rule of Evidence 614 ("the rule") mandates the exclusion of witnesses "so they cannot hear the testimony of other witnesses." Tex.R. Evid. 614. One of the purposes of the rule is to prevent witnesses from either consciously or subconsciously tailoring their testimony to that of other witnesses. *Tell v. State,* 908 S.W.2d 535, 540 (Tex.App.-Fort Worth 1995, no pet.). Before a defense witness is disqualified, the defendant's constitutional right to call witnesses on his behalf must be taken into account: specifically, the defendant has the right to call witnesses and have them testify, and, generally, witnesses

should not be excluded solely for violations of the rule. *Lopez v. State,* 960 S.W.2d 948, 953 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd); *Tell,* 908 S.W.2d at 541. According to the two-part test in *Webb,* a reviewing court must ask two questions in determining whether a witness's disqualification was proper:

> (1) if the rule was violated and the witness disqualified, were there particular circumstances, other than the mere fact of the violation, which would tend to show the defendant or his counsel consented, procured or otherwise had knowledge of the witness's presence in the courtroom, together with knowledge of the witness's testimony; and (2) if no particular circumstances existed to justify disqualification, was the excluded testimony crucial to the defense.

766 S.W.2d at 244–45.

■ In this case, the rule was invoked at the outset of the trial. When called to the stand during the punishment phase of the trial, Sheryl Walker admitted to the court that she had been present during the guilt-innocence phase. The following exchange between the court and Mr. Paull, appellant's trial counsel, then took place:

> The Court: How did this happen?
>
> Mr. Paull: I screwed up. I—we were talking earlier during the—as the verdict was coming in she was telling me some stuff. I thought she had some interesting stuff to share with the Court, and I thought she would be a good witness. I didn't think it through.

This exchange reveals that particular circumstances existed that would tend to show the appellant's trial counsel had knowledge of Ms. Walker's presence in the courtroom and of the content of her testimony. Appellant therefore fails to meet the first prong of the *Webb* test and, as a

result, we need not apply the second prong of *Webb*. Appellant's second point of error is therefore overruled.

We affirm the judgment of the trial court.