Affirmed and Memorandum Opinion filed November 9, 2010.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00999-CR



 

Judy Ann  Pruitt, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 177th
District Court

Harris County, Texas

Trial Court Cause No. 1198719



 

MEMORANDUM  OPINION

 

Appellant pleaded guilty to third degree felony theft
and stipulated to two prior felony convictions.  The trial court held a
sentencing hearing at which appellant’s witness was excluded for violating the
sequestration requirement of Texas Rule of Evidence 614.  The trial court
sentenced appellant to confinement for 25 years.  We affirm. 

BACKGROUND

Pastor Walter Brumley first met appellant when
Brumley was ministering to state jail prisoners in the facility where appellant
was incarcerated.  Upon appellant’s release, appellant and Brumely communicated
about their common desire to establish a halfway house for previously
incarcerated individuals.  Appellant became associated with the church as a
regular part of its ministry, and appellant received living expenses and other
benefits from Brumley and the church during this time.  Based on her professed
need to pay for medical care, Brumley wrote approximately $25,000 worth of
checks to appellant to cover numerous medical bills.  Appellant later admitted that
she forged the purported medical bills.  Brumley ultimately became suspicious
of appellant’s reasons for requesting the money, cut ties with appellant, and
reported her alleged theft.  

Appellant pleaded guilty to third degree felony theft
and admitted to two prior felony convictions.  The enhanced punishment range
for the charged crime is 25 to 99 years, or life imprisonment.  See Tex.
Pen. Code §12.42(d) (Vernon 2003).  Appellant is eligible for and requested deferred
adjudication.  See Tex. Crim. Proc. Code Ann. art. 42.12 § 5 (Vernon
2006) (after receiving a plea of guilty, trial court may in “the best interest
of society and the defendant” defer further proceedings without entering an
adjudication of guilt, and place the defendant on community supervision).

At her sentencing hearing, appellant testified that
she grew up homeless after her parents abandoned her in a Houston motel room
when she was eight years old.  Appellant testified regarding her local
notoriety based on several Houston Chronicle stories featuring her life on the
streets and conversion to Christianity.  Appellant testified at length
regarding her activities as a member of Brumley’s church and her life-long commitment
to ministering to the homeless.  

Appellant also called Alice Murray as a witness; she
testified regarding appellant’s religious convictions, desire to help others,
and honest intent to establish a halfway house for previously incarcerated
individuals.  Murray testified that her knowledge of appellant’s desire to
benefit society was based on numerous brief visits while appellant was
incarcerated, as well as conversations after appellant was released.  

When Murray acknowledged that she had listened to
Brumley’s testimony earlier in the sentencing hearing, the trial court questioned
Murray and defense counsel about Murray’s violation of Texas Rule of Evidence
614.  See Tex. R. Evid. 614.  The trial court struck and excluded
Murray’s testimony regarding Murray’s “discussions of ministry and/or
observations of her beliefs as to the [appellant’s] genuine interest in others
and genuine interest in the ministry or helping other people.”  The trial court
declined to place appellant on deferred adjudication and sentenced appellant to
confinement for 25 years.  Appellant bases her appeal on the trial court’s
exclusion of her only witness’s testimony at the sentencing hearing.

ANALYSIS

Texas Rule of Evidence 614 is commonly referred to as
“The Rule;” upon invocation by either party or by the court on its own motion, The
Rule mandates exclusion of witnesses from the courtroom so they “cannot hear the
testimony of other witnesses.”  Id.  One of the purposes of The Rule is
to prevent witnesses from either consciously or subconsciously tailoring their
testimony to that of other witnesses.  Longoria v. State, 148 S.W.3d
657, 660 (Tex. App.—Houston [14th Dist.] 2004, pet. ref’d).  Witness testimony
should not be excluded solely for violations of The Rule, and a defendant’s
constitutional right to call witnesses to testify must be taken into account
before a witness is disqualified.  Id. (reviewing trial court’s
exclusion of witness testimony at punishment phase).  Determining whether to exclude
testimony for violation of The Rule rests within the trial court’s sound
discretion.  Webb v. State, 766 S.W.2d 236, 240 (Tex. Crim. App. 1989).

A reviewing court must ask two questions to determine
whether the trial court abused its discretion by disqualifying a witness for
violating The Rule:

(1)             
Were there particular
circumstances, other than the mere fact of the violation, which would tend to
show the defendant or her counsel consented to, procured, or otherwise had
knowledge of the witness’s presence in the courtroom, together with knowledge
of the witness’s testimony? 

(2)             
If no particular circumstances
existed to justify disqualification, was the excluded testimony crucial to the
defense?

Longoria, 148 S.W.3d
at 660 (citing Webb, 766 S.W.2d at 244–45).

I.         Do
the circumstances tend to show that defendant or defendant’s counsel consented
to, procured, or otherwise knew of Murray’s presence in the courtroom?

Murray testified that appellant and her counsel told Murray
to come to court, but they did not inform her that The Rule had been invoked or
that she should stay outside the courtroom while other witnesses were
testifying.  When Murray arrived, she requested that an officer in the court room
notify defense counsel regarding her presence.  The officer handed appellant’s
counsel a note indicating that “some people” had arrived.  Counsel informed the
court that the note did not list any names, and he did not know Murray was in
the courtroom.  Murray testified, and counsel confirmed, that counsel did not
know what Murray looked like prior to her arrival.  Murray testified that counsel
and appellant remained facing away from Murray while she was in the courtroom. 
This evidence does not tend to show that appellant or her counsel consented to,
procured, or otherwise had knowledge of Murray’s presence in the courtroom.  See
id.  

II.        Was the
excluded testimony crucial to the defense?

Murray was the only witness who testified on
appellant’s behalf.  However, Murray’s testimony was not the only evidence
bolstering appellant’s testimony that she would continue to benefit society
through her ministry to the homeless if placed on deferred adjudication. 
Appellant proffered letters from four other individuals who have longstanding
relationships with appellant.  The letters echo Murray’s testimony that
appellant is committed to her faith and dedicated to helping save and improve
the lives of others.  Because Murray’s testimony was cumulative, the trial
court did not err in excluding the testimony.  See, e.g., Flores v.
State, 915 S.W.2d 651, 653 (Tex. App.—Houston [14th Dist.] 1996, pet.
ref’d) (finding no error because excluded testimony was cumulative); cf.
Webb, 766 S.W.2d at 246 (finding error because excluded testimony corroborating
defendant’s version of alleged crime was “crucial” because it was not merely
“cumulative or of questionable importance”).




CONCLUSION

We hold that the trial court did not err in excluding
Murray’s testimony.  Accordingly, we affirm the judgment of the trial court.

 

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Seymore, Boyce, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).